NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CEVDET AKSÜT VE OĞULLARI KOLL. STI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HUSEYIN T. CAVUSOGLU,**<br><br>**Defendant.** | Civ. No. 12-2899 (WJM)<br><br><br>**OPINION** |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>**

This matter comes before the Court on Huseyin Cavusoglu's Motion to Consolidate this case ("*Cevdet Aksüt II*") with Civ. No. 14-3362 ("*Cevdet Aksüt III*"). Plaintiff and several co-Defendants from *Cevdet Aksüt III* opposed. For the reasons set forth below, the Motion is denied.

The Court has already issued an Opinion on a motion for summary judgment in *Cevdet Aksüt II* (the *Sunrise II* Opinion) (ECF No. 74) and Opinions on 4 motions to dismiss filed in *Cevdet Aksüt III* (the "*Cevdet Aksüt III* Opinions"). The Court writes for readers who are familiar with the facts and defined terms used in all five of these Opinions.

On February 20, 2015, the Court issued a scheduling order permitting the Plaintiff to file a Motion to Consolidate by March 13, 2015. (ECF No. 53). The deadline was extended until April 6, 2015 via a stipulation. (ECF No. 55). Cavusoglu never filed a Motion to Consolidate. Rather, it slipped a request to consolidate into its Cross-Motion for Summary Judgment. This made the request technically untimely, and Plaintiff objected to the untimeliness. Nevertheless, the Court gave all objecting parties additional time to brief their objections, and they all did so.

Pursuant to Federal Rule of Civil Procedure 42, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues. *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999). A district court has broad discretion to determine to consolidate cases. *In re Mock*, 398 Fed. App'x. 716, 718 (3d Cir. 2010); *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). The mere existence of common issues does not require consolidation. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993). In exercising its discretion to consolidate cases, the court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion, and prejudice. *Margolis v. Hydraxatone, LLC*, 2013 WL 875987, at *3 (D.N.J. March 6, 2013); *Liberty Lincoln Mercury*, 149 F.R.D. at 80.

*Cevdet Aksüt II* and *Cevdet Aksüt III* have very similar factual and legal issues. *Cevdet Aksüt III* emerged from discovery that occurred during *Cevdet Aksüt II*. Consolidation would conserve judicial resources and reduce the litigation expenses of the parties.

Defendant notes that it would have made more sense for Plaintiff to amend the *Cevdet Aksüt II* Complaint than it did to file a third iteration of a debt-collection case. However, Plaintiff's choice to file a third Complaint makes sense in light of Plaintiff's goal of obtaining a personal judgment against Cavusoglu as soon as possible. Amending the *Cevdet Aksüt II* Complaint, like consolidation, would have meant more long delays.

*Cevdet Aksüt II* will be ready for trial as soon as the Pre-Trial Order is filed, but discovery in *Cevdet Aksüt III* has not yet begun and will likely take at least two years to complete given the number of additional parties and additional factual theories in the *Cevdet Aksüt III* Complaint.

The delays inherent in consolidation would be so much of an injustice to Plaintiff as to outweigh the economic benefits of consolidation. First, there is the amount of time Plaintiff has been waiting to be paid. Plaintiff has been waiting since late 2009 or early 2010 for approximately $1.1 million to which it was legally entitled at the time that debt came due. To date, it has only collected $30,000.

Second, Plaintiff seems likely to pierce the corporate veil case in *Cevdet Aksüt II*. The record is replete with instances of dubiousness and dishonesty on the part of Cavusoglu. Therefore, it seems likely that the jury will not find Cavusoglu credible and will find against him.

Third, Plaintiff has a credible concern that Cavusoglu has or will attempt to hide his assets from a personal judgment against him. He has the tools to do so at his disposal in the form of a rabbit warren of bank accounts and shell entities, some of them located overseas. It seems likely that he has shuffled his assets before in order to avoid creditors.

In sum, a speedy resolution of the discrete issues in *Cevdet Aksüt II* weighs on the scales of justice more heavily than the economic benefits of consolidation. The Court so finds for three reasons: 1.) the length of time Plaintiff has been trying to collect money it is rightfully owed; 2.) the likelihood of Plaintiff's ultimate success on the merits, and 3.) Cavusoglu's probable history of asset-shuffling. So finding, the Court denies Cavusoglu's Motion to Consolidate. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 14, 2015**