# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEVDET AKSÜT VE OĞULLARI KOLL. STI,<br><br>      **Plaintiff,**<br><br>      v.<br><br>HUSEYIN T. CAVUSOGLU,<br><br>      **Defendant.** | Civ. No. 12-2899 (WJM)<br><br>**OPINION & ORDER** |

## WILLIAM J. MARTINI, U.S.D.J.

Before the Court is Defendant's motion for judgment as a matter of law on the common law fraud claim. On January 27, 2016, the jury reached a verdict finding in favor of Plaintiff on its common law fraud claim. (Docket No. 127.) At the close of Plaintiff's case-in-chief, Defendant moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure ("FRCP"). The Court reserved on the motion and it was renewed by Defendant at the end of trial, pursuant to Rule 50(b).

Under Rule 50(a), a court may grant a motion for judgment as a matter of law on a claim if, after hearing the evidence, "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The Third Circuit has held that "[a] motion for judgment as a matter of law under [FRCP] 50(a) 'should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law.'" *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). The Third Circuit has further noted that a Rule 50(a) motion "should only be granted if 'the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.'" *Raiczyk v. Ocean County Veterinary Hospital*, 377 F.3d 266, 269 (3d Cir. 2004).

Based on the evidence and testimony presented at trial, the Court finds that—when viewed in a light most favorable to the nonmoving party—Plaintiff put forth

"sufficient" evidence establishing a *prima facie* claim of common law fraud. In order to establish common law fraud, the Plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention to induce reliance; (4) reasonable reliance; and (5) resulting damages. *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005).

In Plaintiff's case-in-chief, Oguz Kanyilmaz testified that Defendant had made a number of misrepresentations to him, including as to the percentage of the market Defendant supplied and his business relationship with other food product sellers. Defendant argues that Kanyilmaz's testimony established that he primarily relied on Aret Museoglo's representations in deciding whether to do business with Defendant. However, on cross-examination, Kanyilmaz noted that he was not only relying on statements made by Museoglo, but also statements that Defendant made to him after Museoglo's original call. In his testimony, Defendant offered a rebuttal by noting that he would not have provided the information Kanyilmaz said he did, as it would constitute a "trade secret." The issue of what representations were made thus came down to one of credibility for the jury. *See Bhaya v. Westinghouse Elec. Corp.*, 832 F.2d 258, 260 (3d Cir. 1987). In addition, the testimony of Defendant (as part of the Plaintiff's case-in-chief) and the bank and tax record evidence Plaintiff put forth, indicated that Defendant did not have the financial wherewithal or a large enough business to pay for the thirteen containers. Lastly, Defendant conceded in his testimony that Sunrise—whom he intended to sell the food products to—provided him storage and other services and that these expenses were usually deducted from the amount that Sunrise paid him. Consequently, the jury could have reasonably concluded that, since Defendant would not have been able to recoup the full amount he owed to Plaintiff from Sunrise either, Defendant never intended to pay Plaintiff in full for the thirteen containers and, thus, made a material misrepresentation. *See Bhaya*, 832 F.2d at 260 ("Evaluation of witness credibility is the exclusive function of the jury, and where the only evidence of intent is oral testimony, a jury could always choose to discredit it.")

As to the justifiable and reasonable reliance issue, Defendant's Rule 50(a) argument relies on Kanyilmaz's testimony that (a) it was reasonable to do business on an open account basis, and (b) Plaintiff had failed to do any research on the financial condition of Defendant's company either prior to the first two shipments or when the terms were changed for the thirteen containers. However, Kanyilmaz testified in Plaintiff's case-in-chief that due to issues of cultural appropriateness it

was not feasible to request materials such as financial statements from Defendant. Nonetheless, Kanyilmaz noted a number of steps taken by him and Plaintiff as a method of due diligence prior to engaging with Defendant on an open account basis. This included proceeding via cash-against-documents for the first two shipments—a way to ensure that Defendant was a reliable business partner—and conducting online searches of Defendant and his company. "Ordinarily, an issue as to the reasonableness or unreasonableness of anything is regarded as a mixed question of law and fact for the determination of the jury." Federal Trial Handbook Civil § 18:9 (4th ed.). Once again relying on credibility and the evidence adduced at trial, the jury could have found that the actions taken by Plaintiff were sufficient in order to allow for a justifiable and reasonable reliance on Defendant's material misrepresentations.

In light of the foregoing, one could conclude that in a credibility determination the jury believed Kanyilmaz's testimony and rejected the Defendant's explanations. As such, providing all favorable inferences to Plaintiff, the Court finds that there was a "minimum quantum of evidence" to support the jury's verdict for common law fraud. *See Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 745 (3d Cir. 1990). Therefore, Defendant is not entitled to judgment as a matter of law.

Thus, for the above reasons and for good cause shown;

**IT IS** on this 3rd day of February 2016, hereby,

**ORDERED** that Defendant's motion for judgment as a matter of law on the common law fraud claim is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**